IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00101-CR through
10-05-00117-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Rebekah Faith Stanley, ET AL.

                                                                      Appellees

 

 

 



From the County Court at Law 

McLennan County, Texas

Trial Court Nos. 2004-3921-CR1
through 2004-3933-CR1

and Nos. 2004-3935-CR1 through
2004-3938-CR1

 



MEMORANDUM  Opinion










 

          The State has filed motions to dismiss
these seventeen appeals
under Rule of Appellate Procedure 42.2(a).  See Tex. R. App. P. 42.2(a); McClain v. State, 17 S.W.3d
310, 311 (Tex. App.CWaco
2000, no pet.) (per curiam).  We have not issued decisions in these appeals
since the Court of Criminal Appeals remanded them to this Court for further
proceedings.  See State v. Stanley, No. PD-1393-05, 2006 Tex. Crim. App. LEXIS 1816 (Tex. Crim. App. Sept. 20, 2006).  The Clerk of this Court has
sent duplicate copies of the motions to the trial court clerk.  See Tex. R. App. P. 42.2(a); McClain,
17 S.W.3d at 311.  None of the Appellees has filed a response.  Accordingly,
these appeals are dismissed.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 1, 2006

Do not publish

[CR25]

 





            Though we might prefer to reverse and
remand this criminal proceeding due to this delay, the Court of Criminal
Appeals requires more than just numerous unsuccessful efforts to obtain the
reporter’s record.  Johnson v. State, 151 S.W.2d 193 (Tex. Crim. App.
2004).  Specifically, before we can reverse the judgment of the trial court and
remand this proceeding for a new trial, “the appellant must show (1) that a
significant portion of the record was lost or destroyed, (2) through no fault
of [his] own, (3) that the missing portion of the record is necessary to [his]
appeal, and (4) the parties cannot agree on the record.”  Routier v. State,
112 S.W.3d 554, 570 (Tex. Crim. App. 2003).  We also note that “a court
reporter’s notes and records, or portions thereof, can be considered ‘lost’
only if the missing portions of the appellate record are irretrievable.”  Johnson
v. State, 151 S.W.2d 193, 196 (Tex. Crim. App. 2004).

            We have determined that the trial
court is in a better position to make the evidentiary record and determination
of the four elements required by Routier before a new trial can be
granted.  Accordingly, we abate this proceeding to the trial court for a
determination of these issues.  See Kirtley v. State, 56 S.W.2d
48, 52 n.3 (Tex. Crim. App. 2001) (“The Court of Appeals should begin with a
determination as to which court should conduct the remaining Rule 34 analysis.
If the appellate court finds that such analysis is best done by the trial
court, it may remand the case accordingly.”).

            The trial court shall:  1) conduct a
hearing within 21 days from the date of this Order; and 2) prepare and tender
to the trial court clerk written findings of fact and conclusions of law and a
signed, written order consistent with this Order within 28 days from the date
of this Order.  The trial court shall also take whatever actions it deems
appropriate, including holding the reporter in contempt until the record has
been filed, to ensure that if it can be prepared, the record or any part of it
is prepared and delivered to the trial court within 14 days of the date of the
hearing.

            The trial court clerk shall prepare
and file a supplemental clerk’s record containing a copy of the trial court’s
findings of fact and conclusions of law and the trial court’s written order
with the Clerk of this Court within 35 days from the date of this Order.

            The current official reporter of the
trial court shall prepare and file a supplemental reporter’s record of the
abatement hearing with the Clerk of this Court within 35 days from the date of
this Order.  

 

                                                                                    PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed November 14, 2007

Do
not publish

[CR25]